**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MELODY DOMINGUEZ, STEPHANIE
HOLDREN, and all other Plaintiffs similarly
situated known and unknown,

             Plaintiffs,

v.

QUIGLEY'S IRISH PUB, INC., NANCY
QUIGLEY,  and MICHELLE MICHAEL,
individually,

             Defendants.

No. 09 CV 2583

Magistrate Judge Cole

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER
MOTION FOR ATTORNEYS' FEES AND COSTS**

       Plaintiff Melody Dominguez, by and through her attorneys Caffarelli & Siegel Ltd., seeks

a court order awarding her attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and 820 Ill.

Comp. Stat. 105/12(a).

**BACKGROUND**

       The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), provides that the court

"shall . . . allow a reasonable attorney's fee to be paid by the defendant [to a prevailing plaintiff],

and the costs of the action."  The Illinois Minimum Wage Law ("IMWL"), 820 Ill. Comp. Stat.

105/12(a), likewise entitled a plaintiff to recover her reasonable attorneys' fees and costs.  On

July 11, 2011, the parties attended a settlement conference with the Court.  (D.E. 84.)  At the

conclusion of the settlement conference, the Court approved the parties' settlement agreement, a

condition of which included the filing of a fee petition and Defendants paying her reasonable

attorneys' fees and costs in an amount to be determined by the Court.  (D.E. 84.)

Following the settlement conference, Dominguez's counsel initiated a conference with Defendants' counsel pursuant to Local Rule 54.3 to discuss their reasonable fees and costs. The parties conferred pursuant to Fed. R. Civ. P. 54 and Local Rule 54.3 in order to produce an agreed statement regarding fees and costs. A copy of the Joint Statement is attached as Exhibit A. As set forth in the Joint Statement, Defendants do not object to the claimed hourly rates for Alejandro Caffarelli and Bradley Manewith as fair and reasonable, but do object to the claimed hourly rates for Marc J. Siegel, Lorraine T. Peeters, Madeline K. Engel, Joanna Germann Zalewski, and Lennie Moscoso-Smith. Notwithstanding the settlement terms, Defendants now claim that Plaintiff was not a prevailing party under the FLSA, object to the total amount of hours that Plaintiff's counsel have billed as excessive and unnecessary, and object to any hours billed related to Stephanie Holdren. Finally, Defendants do not object to any of the costs sought by Plaintiff, other than to the extent such costs relate to Stephanie Holdren.

## ARGUMENT

### I.     Plaintiff is a prevailing party under the FLSA.

As part of their settlement, the parties specifically agreed that Plaintiff's counsel would file a fee petition and that the court would determine and award fees to Ms. Dominguez and her counsel. (D.E. 84.) However, assuming for the sake of argument only that the parties had not specifically negotiated this term, the right to recover attorneys' fees and cost as a prevailing plaintiff under the FLSA and IMWL includes plaintiffs who favorably settle their claims. Small v. Richard Wolf Med. Instruments Corp., 264 F.3d 702, 707 (7th Cir. 2001). Specifically, "a plaintiff who has settled a case is considered a prevailing party if she has achieved some success on the merits and can point to a resolution that has changed the legal relationship between herself and defendant." Connolly v. Nat'l School Bus Serv., Inc., 177 F.3d 593, 595 (7th Cir. 1999),

citing, Farrar v. Hobby, 506 U.S. 103, 109-11(1992), Hewitt v. Helms, 482 U.S. 755, 760-61

(1987). It is well settled that when a court approves a settlement, which reserves the right to

award attorneys' fees upon the filing of a motion for fees, there is a judicially sanctioned change

in the relationship of the parties entitling a plaintiff to recover her reasonable fees and costs. E.g.

Levin v. Levans, Inc., No. 08-61730-Civ., 2010 WL 1571192, at *2 (S.D. Fla. Mar. 15, 2010)

(internal citations omitted) (attached as Ex. B). During the settlement conference on July 11,

2011, the parties resolved Dominguez's minimum wage and overtime claims for a specified

amount[1], and agreed that her attorneys' fees and costs would be determined by the Court. As

such, Dominguez is a prevailing plaintiff under the FLSA and IMWL, and entitled to her

reasonable attorneys' fees and costs.

The above notwithstanding, even assuming arguendo that the parties had not entered into

an agreement that specifically provided for Ms. Dominguez' counsel to submit a fee petition, and

that Plaintiff was not considered a prevailing party by virtue of the Court approved settlement,

which she is, Plaintiff still is entitled to her reasonable fees and costs as a prevailing party under

the FLSA and IMWL. Specifically, the Court granted summary judgment in favor of Plaintiff on

her overtime claims (D.E. 82 at 15) – a point that Defendants apparently refuse to acknowledge.

Moreover, the fact that Defendants' violations of the FLSA and IMWL may have resulted in

only modest damages for Plaintiff is irrelevant to the question of whether Plaintiff is a prevailing

party. See Urnikis-Negro v. Am. Family Prop. Servs., Inc., No. 06 C 6014, 2009 WL 212122, at

*3-4 (N.D. Ill. Jan. 26, 2009) (attached as Ex. C). The whole purpose behind the non-

discretionary fee shifting provisions of the Fair Labor Standards Act is to encourage attorneys to

accept wage cases on behalf of low-wage workers where the fees are likely to exceed the

recovery. Id. at *4. If it were not for the FLSA's robust fee-shifting provision, employers could

---

[1] Plaintiff has not included the actual amount given the confidential nature of the settlement.

3

engage in a cost-benefit analysis of shorting employees for small amounts of money on the basis that no attorney would be willing to take a case where fees would eclipse the recovery. See Id. at * 4 ("Recoveries in individual FLSA suits . . . typically are modest; they involve cases in which a law-flouting employer has, in essence, tried to nickel-and-dime his employee. With that backdrop limiting recoverable fees when a plaintiff recovers relatively modest damages in a FLSA case would create a significant disincentive for lawyers to take on such litigation, which in turn would undermine Congress' intent . . . .") Moreover, Defendants always have had the right and power to make an offer of judgment, which would limit its exposure to paying Plaintiff's attorneys fees – a right that the Defendants in this case refused to exercise throughout the course of this litigation. As such, Plaintiff is a prevailing party and entitled to her reasonable attorneys' fees and costs.

## II. Defendants have waived their right to object to the hours billed by Plaintiff's counsel by failing to specifically identify all fee entries to which they object.

Defendants have failed to comply with the requirements of Local Rule 54.3, and any objections to the hours worked by Plaintiffs' counsel have been waived. Local Rule 54.3 contains very detailed instructions for the parties to follow in order to address disagreements about fees and hours. See L.R. 54.3. The Rule specifies that in order to contest Plaintiff's claimed hours, Defendants "shall specifically identify all hours . . . (if any) that will . . . be objected to, [and] the basis of any objections." L.R. 54.3(d) (emphasis added). Indeed, the Seventh Circuit has confirmed that a party opposing a fee petition must "state objections with particularity and clarity." Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc., 776 F.2d 646, 664 (7th Cir. 1985).

In this case, other than their objection regarding Plaintiff's right to seek attorneys' fees for hours billed after the May 18, 2010 inspection, Defendants failed to comply with their

obligations under the Local Rule.  As set forth in the Joint Statement, Defendants object to the

total amount of hours billed by Plaintiff's counsel as "excessive" and "unnecessary."  (Ex. A ¶

2.)  Despite receiving detailed billing records from Plaintiff's counsel, Defendants generally

failed to articulate with specificity which entries were excessive and unnecessary.  Likewise,

although they object to any hours billed that in anyway relate to Stephanie Holdren, as well as

any hours billed by Mr. Caffarelli that appear to be duplicative of work completed by Mr.

Manewith, Defendants failed to develop their arguments and/or articulate specific objections.

For example, they failed to identify any specific hours billed for work related to Ms. Holdren that

otherwise would not have been completed in furtherance of Dominguez's claims.  Nor did they

identify specific hours billed by Mr. Caffarelli that they believe are duplicative of Mr.

Manewith's work.  Defendants have failed to provide Plaintiff or this Court with the specific

grounds for their objections to the number of hours worked by Plaintiff's counsel, or any

evidence relied upon in making their objections, in violation of Local Rule 54.3.  For this reason

the Court should find that Defendants waived their right to so object at this juncture.

### III.    Plaintiff is entitled to recover the reasonable attorneys' fees and costs that she incurred subsequent to her inspection of Defendants' Pub on May 18, 2010.

Defendants make no specific objection to Plaintiffs' attorneys' fees, and the only general

objection that they make is that Plaintiff is not entitled to any fees incurred after Plaintiff's

inspection of the Pub on May 18, 2010.  According to Defendants, "as of that date, Plaintiff's

counsel knew or should have known: (i) Plaintiff was paid overtime based on the documents

received during discovery; (ii) no overtime was shifted on the Pub's system, per Plaintiff's own

expert; (iii) the Pub retained excellent records; (iv) adequate notice of the tip credit was given;

and (v) no records existed that indicated the class of two (2) did not receive or keep their tips."

(Ex. A ¶ 3(c).)  However, Defendants' contention is without merit.

For one, Defendants' objection is nothing more than an attempt to re-argue the parties' summary judgment motions. For example, contrary to Defendants' argument, the evidence adduced during discovery shows, and the Court agreed, Dominguez was not properly paid all of her overtime. (D.E. 82 at 15.) Moreover, as the Court found, Defendants did not maintain excellent time records. (D.E. 82 at 17.) Rather, Defendants regularly altered Plaintiff's time records, resulting in a question of fact as to the number of hours she worked per week. (D.E. 17-27.) Similarly, if Defendants were correct that Plaintiff's counsel should have known as of May 18, 2010 that they provided Plaintiff with adequate notice of the tip credit, and that Plaintiff was able to retain her tips, then the Court would have granted their motion for summary judgment. The Court did not. (D.E. 82 at 33-37.) As such, there clearly were genuine issues of material fact upon which Plaintiff may have prevailed if this case proceeded to trial.

Additionally, throughout this litigation, Defendants have steadfastly refused to acknowledge any minimum wage or overtime violations under the FLSA and IMWL. In fact, even when conceding at summary judgment that Dominguez was not paid all of the overtime she was owed, Defendants still refused to accept they violated the FLSA and IMWL. (D.E. 67 at 5.) Given their position, Defendants made a calculated decision not to engage in serious settlement discussions (which would include Plaintiff's reasonable attorneys' fees and costs), or to make an offer of judgment, until after the Court ruled on the parties' respective motions for summary judgment. Defendants cannot now object in hindsight to the fees Plaintiff incurred as a result of their decision to fight her claims. See Catalan v. RBC Mortgage Co., No. 05 cv 6920, 2009 WL 2986122, at *5 (N.D. Ill. Sept. 16, 2009) (attached as Ex. D). Consequently, Plaintiff is entitled to the reasonable attorneys' fees she incurred after the May 18, 2010 inspection (as well as any reasonable attorneys' fees incurred prior to the inspection).

**IV.    The number of hours billed by Plaintiff's counsel is not excessive and unnecessary.**

The above notwithstanding, the hours spent on this case – which involved numerous contentious legal issues and factual disputes – were both necessary and reasonable.  The current and anticipated time and work records for this matter, including time billed, are attached as Exhibit E.  Sworn Declarations regarding the efficiency, necessity, and reasonableness of the time spent working on this matter by the respective attorneys and staff are attached as Group Exhibit F.

Insofar as Plaintiff is able to discern the identity of the tasks with which Defendants take issue, the hours spent working by Plaintiff's counsel were necessary and not excessive.  This court has noted that "in many cases . . . work at the discovery and summary judgment stages is critical in marshaling support for claims and ensuring that they survive at trial."  Catalan, 2009 WL 2986122 at * 4.  Repetitive and duplicative efforts, if any, are often necessary, inherent, and certainly expected in litigation.  See Id. at *5.  Additionally, "when parties that do not bear the burden of proof at trial mount a spirited defense of the case, they can hardly complain when their adversaries spend at least as much time and effort to surmount the defense, nor can they validly object to paying the adversaries' reasonable fees when the defense fails."  Id. at 5.

Plaintiff's counsel made every effort to work efficiently on this case (see Gr. Ex. F), and Defendants do not contend that Plaintiff's counsel fabricated their records or otherwise misrepresented the amount of time actually spent on this matter (Ex. A. ¶2).  Moreover, Defendants certainly mounted a spirited defense in this case.  In doing so, Defendants incurred $77, 824.73 in legal fees, which based upon Defendants' counsel's hourly rates, equals approximately 285 hours of work.  (See Defs.' Billing Records, attached as Ex. G.)

Consequently, the number of hours Plaintiff's counsel spent in an effort to surmount that defense (329.5 hours) is not unreasonable.

**V.      The requested hourly rates for Marc J. Siegel, Lorraine T. Peeters, Madeline K. Engel, Joanna Germann Zalewski, and Lennie Moscoso-Smith are fair and reasonable.**

In calculating an award of reasonable attorneys' fees courts multiply the reasonable number of hours worked by the market rate.  Bankston v. State of Illinois, 60 F.3d 1249, 1255 (7th Cir. 1995).  The Seventh Circuit has stated that "the market rate is the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question."  Id. at 1256 (internal citations omitted).  Moreover, "counsel's actual billing rate for comparable work is presumptively appropriate for use as the market rate."  Catalan, 2009 WL 2986122, at *6 (internal citations omitted).  Additionally, courts may also look to the Laffey Matrix in determining the market rate.  See e.g. Berg v. Culhane, No. 09 C 5803, slip op. at 2-3 (N.D. Ill. Feb. 10, 2011) (attached as Ex. H).

Marc J. Siegel is one of the founding partners of Caffarelli & Siegel Ltd., and has practiced labor and employment law in Chicago for fifteen years.  (Biography of Siegel, attached as part of Gr. Ex. I.)  Lorrie T. Peeters is an associate attorney with Caffarelli & Siegel Ltd., and has practiced labor and employment law for four years.  (Biography of Peeters, attached as part of Gr. Ex. I.)  Madeline K. Engel is an associate attorney with Caffarelli & Siegel, Ltd., and has been practicing labor and employment law since November 2010.  (Biography of Engel, attached as part of Gr. Ex. I.)

Plaintiff requests the actual hourly rates charged by Mr. Siegel, Ms. Peeters, and Ms. Engel for comparable work.  (See Redacted Hourly Client Invoices, attached as Gr. Ex. J.)  Specifically, the redacted hourly client invoices show that Mr. Siegel's actual rate is $375 per

hour, Ms. Peeters' actual rate is $240 per hour, and Ms. Engel's actual rate is $190. (Gr. Ex. J.)

Moreover, the rates sought for their work are well within the community norm. (See Brennan

Decl., attached as Ex. K.) In particular, Noelle Brennan, who was admitted to the Illinois bar in

1995, and has been practicing in the area of employment law since 1997, charges an hourly rate

of $375 for her own work, and between $225 and $275 per hour for her associates' work. (Ex.

K. ¶¶ 3, 4, and 7.) The requested rates for Mr. Siegel, Ms. Peeters, and Ms. Engel are also

comparable to those outlined in the most recent Laffey Matrix for attorneys of similar

experience. (See Laffey Matrix, available at, http://www.justice.gov/usao/dc/divisions/civil_

laffey_matrix_8.html, attached as Ex. L.) As such, the requested rates for Mr. Siegel, Ms.

Peeters, and Ms. Engel are reasonable, and should be used as the market rate in calculating

Plaintiff's reasonable attorneys' fees.

      The hourly rate requested for work performed by Joanna Germann Zalewski and Lennie

Moscoso-Smith is likewise reasonable. Ms. Germann Zalewski has been employed by Caffarelli

& Siegel Ltd. in a paralegal capacity since 2005. (Germann Zalewski Decl. ¶ 2, attached as part

of Gr. Ex. F.) Ms. Moscoso-Smith was employed by Caffarelli & Siegel Ltd. in a paralegal

capacity from approximately 2005 through May 2011. (Caffarelli Decl. ¶ 10, attached as part of

Gr. Ex. F.) According to the Laffey Matrix, a reasonable rate for paralegals and law clerks is

$135 per hour. Thus, the rate sought for Ms. Germann Zalewski and Ms. Moscoso-Smith, which

is $120 per hour, is reasonable.

## VI.    Plaintiff is entitled to recover all of her costs, including those related to Stephanie Holdren.

      Defendants do not object to Plaintiff's claimed costs, other than to the extent they relate

to Stephanie Holdren. (Ex. A ¶ 2.) However, Defendants have not identified the costs that they

believe relate to Ms. Holdren. As such, under Local Rule 54.3(d) they have waived their

objection. The above notwithstanding, based upon Defendants' general objection to costs related to Ms. Holdren, Plaintiff assumes that the only cost objected to by Defendants is the cost of Ms. Holdren's deposition transcript, which was $128.30 (see Invoice for Dominguez and Holdren Dep. Transcripts dated 10/07/10, attached as Ex. M). Plaintiff should be able to recover the cost of Ms. Holdren's transcript because even if she had never opted-in to the lawsuit, Ms. Holdren was still a witness in this matter. Plaintiff used Ms. Holdren's deposition testimony in drafting her motion for summary judgment, and in responding to Defendants' motion for summary judgment, and likewise would have called Ms. Holdren as a witness at trial (or in the alternative sought to use her deposition at trial). Finally, it was Defendants' decision, not Plaintiff's, to depose Ms. Holdren. As such, Plaintiff is entitled to recover the costs associated with Ms. Holdren's deposition.

**CONCLUSION**

For the above reasons, Plaintiff Melody Dominguez respectfully requests that this Honorable Court enter an order awarding her $98,872.50 in reasonable attorneys' fees, and $3,943.07 in recoverable, non-taxable expenses.


Dated: September 19, 2011                    Respectfully submitted,

                                             MELODY DOMINGUEZ


                                             By: /s/ Bradley Manewith_____
                                                   Attorney for Plaintiff
Alejandro Caffarelli
Bradley Manewith
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 North Stetson Ste. 3150
Chicago, IL  60601
Tel. (312) 540-1230
Fax (312) 540-1231

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that he caused a copy of the attached, Plaintiff's Memorandum in Support of her Motion for Attorneys' Fees and Costs, to be served upon the parties below by electronically filing with the Clerk of the U.S. District Court of the Northern District of Illinois on September 19, 2011.

Mr. Jeffry J Knuckles
Nyberg & Cassioppi, LLC
1111 S. Washington St.
Naperville, IL  60540

Mr. James A. McGurk
Law Offices of James A. McGurk, P.C.
10 S. LaSalle St., Suite 3300
Chicago, IL  60603


Courtesy copy delivered to chambers of Magistrate Judge Cole within 24 hours of filing.


/s/ Bradley Manewith
Bradley Manewith
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 N. Stetson, Suite 3150
Chicag, IL 60601
